IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL MCCLAIN,<br><br>        Plaintiff,<br><br>vs.<br><br>MENARD, INC., d/b/a MENARDS,<br>        Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>TAG EXPRESS, INC.,<br>        Third-Party Defendant. | **8:21CV268**<br><br>**MEMORANDUM & ORDER** |

      This matter is before the Court on Third-Party/Defaulted Defendant's, TAG Express, Inc. (TAG), Stipulated Motion to Set Aside Default Judgment. Filing No. 34. The Court previously granted Defendant/Third-Party Plaintiff's, Menard, Inc. d/b/a Menards, Motion for Default Judgment pursuant to F.R.C.P. 55(c), against TAG on December 21, 2021. Filing No. 33. TAG is asking the Court to set aside the clerk's entry of default pursuant to F.R.C.P. 55(c) and set aside the Court's default judgment pursuant to F.R.C.P. 60(b). Filing No. 34. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

1

## BACKGROUND

Plaintiff, Carl McClain, originally filed suit in the District Court of Sarpy County, Nebraska alleging that on February 25, 2018, a Menards' employee ran over Plaintiff's foot with a forklift and injured him. Filing No. 1-1 at 1. Plaintiff alleges that the employee was negligent in their operation of the forklift and that negligence was the proximate cause of Plaintiffs injuries. *Id*. Plaintiff argues that Defendant, Menards, is liable for their employees' actions under the doctrine of respondeat superior. *Id*. On July 20, 2021, Defendant gave notice of removal of this action to the United States District Court of the District of Nebraska. *Id.* Plaintiff is a citizen of Nebraska, and Defendant is organized out of Wisconsin with its principal place of business in Wisconsin. *Id*.

On August 5, 2021, Menards filed a Third-Party Complaint, Filing No. 8, against TAG, stated that Menards is entitled to recovery against TAG based on the insurance TAG is required to carry. Filing No. 29 at 2. TAG delivers goods to Menards, and Plaintiff, is a delivery driver for TAG. *Id*. Menards and TAG entered into an agreement entitled "Delivery Services Agreement for Vender Owned Truck with Forklift or Knuckle Crane," which required TAG to carry insurance coverage. *Id*. The insurance coverage would be in the benefit of Menards for any claims brought by a TAG employee. *Id*.

Menards demanded that TAG's insurance carriers, Ringwalt & Liesche, and Nationwide, cover all claims and damages asserted by Plaintiff, McClain. Filing No. 29 at 3. Menards was informed that it was not named insured on TAG's policy, and that the policy did not cover TAG employees, both of which were in violation to the agreement titled "Delivery Services Agreement for Vender Owned Truck with Forklift or Knuckle Crane." *Id*.

On December 3, 2021, Menards filed a Motion for Default Judgment pursuant to F.R.C.P. 55(c), Filing No. 28, against TAG requesting that TAG be held liable for the claims set forth against Menards, and granting Menards leave to file supplementary motion to request an evidentiary hearing on damages. *Id*. at 1. TAG was served by a registered agent on August 13, 2021, and by the time of Menards' Motion for Default Judgment, December 3, 2021, TAG had not filed an answer. *Id*. at 1–2. On December 21, 2021, the Court granted Menards' Motion for Default Judgment. Filing No. 28 & Filing No. 33.

TAG, is now asking to set aside the clerks' entry of default pursuant to F.R.C.P. 55(c) and set aside the courts default judgment pursuant to F.R.C.P. 60(b) and requests an extension of time to file its response pleadings to Menards' Third-Party Complaint. Filing No. 34 at 1 & 5. TAG is requesting the Court to set aside the judgment pursuant to F.R.C.P. 60(b)(1). *Id*. at 2. TAG stated that they did not intentionally disregard the suit, but instead notified its commercial general liability insurer to represent TAG. *Id*. at 3. TAG alleges that it was informed on December 13, 2021, that its commercial general liability insurer would not cover them. *Id*. at 3–4. TAG argues that there is good cause to set aside the default judgment. *Id*. at 4. TAG states that Menards does not oppose its motion to set aside. *Id*. at 4. TAG was attempting to get its commercial general liability insurer to defend them, but was not notified until December 13, 2021, that they would not. *Id*. at 4. TAG alleges that they were in direct communication with Menards and both parties believed that Menards' Default Judgment Motion would be treated as a dispositive motion. *Id*. at 4. TAG alleged that a dispositive motion is subject to Local Rule 7.1, which gives the other party 21 days to respond. *Id*. at 4. TAG states it is still attempting to get

3

their insurers to defend them. *Id*. at 4. TAG alleges that they have several meritorious defenses against Menards' Third-Party Complaint. *Id*. at 5. TAG is asking the Court to set aside the clerk's entry of default pursuant to F.R.C.P. 55(c) and set aside the Court's default judgment pursuant to F.R.C.P. 60(b). *Id*. at 5.

## STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." F.R.C.P. Rule 55(a). Pursuant to F.R.C.P. 55(c), the court may set aside an entry of default judgment for good cause, and it may set aside a final default judgment under F.R.C.P. 60(b). "When examining whether good cause exists, the district court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008). However, "there is a judicial preference for adjudication on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

## DISCUSSION

The Court has reviewed TAG's Motion to Set Aside Default Judgment and has taken notice of TAG's meritorious defense that they would be represented by their commercial general liability insurer. TAG mistakenly believed that their commercial general liability insurer answered the complaint on their behalf and were informed after the filing deadline that they had not. The Court finds good cause exists and that other

4

parties would not be prejudiced by the default being vacated. The Court will grant TAG's Motion to Set Aside Default Judgment. Filing No. 34.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. The Court's Order for Default Judgment, Filing No. 33, is vacated.

2. The Clerk's Entry of Default, Filing No. 19, is set aside.

3. TAG's Motion to Set Aside, Filing No. 34, is granted.

4. The Court hereby grants TAG an extension of time to file its response to Menards' Third Party Complaint until March 30, 2022,

Dated this 2nd day of March, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge